[Civil No. 430.   Filed March 25, 1895.]

[39 Pac. 809.]

## NAT E. HAWKE, Plaintiff and Appellant, v. A. WENTWORTH, Defendant and Appellee.

1. ACTION—DISMISSAL—CROSS-BILL—REV. STATS. ARIZ. 1887, TIT. 62, CITED.—Where plaintiff has dismissed his complaint, filed under the provisions of the statute, *supra,* for possession of the office of the clerk of the board of supervisors, the trial court did not err in refusing to dismiss the action on plaintiff's motion and in proceeding with the trial to judgment on defendant's answer or cross-complaint, the cross-complaint containing facts which constituted a cause of action against plaintiff for usurpation of said office, he having in the mean time, and after filing suit, taken possession of the office before the right thereto could be heard on his own complaint.

2. COUNTY OFFICERS—CLERK OF BOARD OF SUPERVISORS—ELECTION—REV. STATS. ARIZ. 1887, PAR. 390, CITED—HOLDS OFFICE AT PLEASURE OF BOARD—REV. STATS. ARIZ. 1887, PAR. 3049, CITED.—The clerk of the board of supervisors is elected by the board of supervisors.  Par. 390, *supra,* cited.  The office is held at the will of the board.  They can remove one and appoint one at pleasure.  Par. 3049, *supra,* cited.

3. SAME—BOARD OF SUPERVISORS—QUALIFICATION OF MEMBERS—RIGHT TO OFFICE—POWER OF BOARD TO DETERMINE—JURISDICTION OF DISTRICT COURT—REV. STATS. ARIZ. 1887, TIT. 62, CITED.—Members of a board of supervisors have no authority to pass upon the question of a co-member's title to or qualifications for the office.  Those questions can only be determined by the district court in proceedings instituted therein for that purpose.  Statute, *supra,* cited.

4. SAME—SAME—VACANCY—HOW FILLED—REV. STATS. ARIZ. 1887, PAR. 388, CITED.—A vacancy caused by the resignation of a member

of the board of supervisors can only be filled by an election by the remaining supervisors and the probate judge. Statute, *supra,* cited.

5. COURTS—DUTY—PEACE—SHOULD PRESERVE WHERE BREACH THREATENED IN REGARD TO MATTERS WITHIN THEIR JURISDICTION AND CONTROL.—The judiciary, having jurisdiction of a matter, should use the authority vested in it to prevent continuance of acts which tend to impair the credit of the county and constitute a breach of the peace.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. R. E. Sloan, Judge. Affirmed.

Statement of facts by Rouse, J.

This is an action by Hawke against Wentworth for the office of clerk of the board of supervisors of Cochise County, under the provisions of title 62 of the Revised Statutes. Plaintiff, after obtaining leave to institute this action, on August 21, 1893, filed his complaint, alleging that on or about the third day of January, 1893, he was legally and properly elected and appointed to the office of clerk of the board of supervisors of Cochise County, and duly qualified as such according to law, and entered upon the duties of said office, and was in possession of said office, and the books thereof, on the 6th of July, 1893; that on the date last mentioned, defendant, in collusion with James Reilly and James P. McAllister, the said Reilly and McAllister then and there unlawfully and wrongfully assembled at the courthouse in said county as a board of supervisors of said county, and then and there unlawfully elected and appointed said defendant, Wentworth, to plaintiff's said office of clerk of the board of supervisors of said county; and that said defendant then and there did usurp and take possession of said office, and plaintiff was excluded therefrom by defendant. To this complaint defendant filed an answer in the nature of a cross-complaint, averring that he was duly elected and appointed clerk of the board of supervisors of Cochise County on July 7, 1893, and duly qualified as such on that date, according to law, and that on that date plaintiff had possession of said office, and the books and papers thereof; that on that date he instituted suit in the probate court of said county against plaintiff to

recover the books, papers, and records of said office, and that on the ―― day of July, 1893, judgment was rendered by said court in favor of defendant against plaintiff for the said books, etc., and that thereafter, on the thirteenth day of July, under the proper writ from said court, duly executed by a proper officer, the said books, papers, and records of said office were delivered to defendant; that thereafter, on September 8, 1893, while defendant was in possession of said office, and the books, papers, and records thereof, plaintiff, with the aid of the sheriff of said county and other persons, forcibly and unlawfully entered into the room or office of the clerk of the board of supervisors, and expelled defendant therefrom, and took possession of said books, papers, and records, and plaintiff since that date, September 8, 1893, has had possession of said office, books, papers, and records. Defendant demanded judgment for the possession of said office, books, papers, and records. The case coming on for trial, plaintiff dismissed his complaint, and the trial was had on defendant's cross-complaint, against plaintiff's objections, and judgment was entered for defendant, and from that judgment plaintiff appeals.

At the general election, 1890, Scott White was elected supervisor of Cochise County for a term of four years, commencing January 1, 1891, and duly qualified as such, and entered upon the duties thereof. At the general election, 1892, W. K. Perkins and James P. McAllister were elected supervisors of said county for terms of two years, commencing January 1, 1893, and duly qualified and entered upon the discharge of the duties thereof. McAllister at the date of his election was the treasurer of said county for a term ending December 31, 1892. The board of supervisors on January 1, 1893, was composed of Scott White, W. K. Perkins, and James P. McAllister. On January 3, 1893, the board duly elected and appointed Hawke, this plaintiff, clerk of the board of supervisors, and he immediately qualified as such, and entered upon the discharge of the duties of said office. Immediately after the election of plaintiff as clerk, White and Perkins, as supervisors, and Hawke, as clerk, refused to recognize McAllister as a member of the board of supervisors, and McAllister applied to the district court for a *mandamus* to compel the said parties to recognize him as such officer.

This suit he prosecuted to a successful termination in the district court. The defendants appealed to this court, and said judgment was affirmed. *Ante,* p. 150, 36 Pac. 170. About January 9, 1893, White and Perkins passed a resolution, and had it entered upon the minutes of the board of supervisors, declaring, in effect, that McAllister was not a supervisor, and that there was a vacancy. This vacancy they proceeded to fill by electing one E. A. Nichols, who proceeded to qualify and act as a supervisor. Thereafter, on January 12th, White resigned, and Perkins and Nichols proceeded to elect one Frank Hare to fill the vacancy caused by White's resignation. The board, as then formed, consisted of Perkins, elected at the general election in 1892; Nichols, elected by White and Perkins to fill a supposed vacancy by the removal of McAllister; and Hare, elected by Perkins and Nichols to fill the vacancy caused by White's resignation. On July 6, 1893, after due notice to Perkins, McAllister and Mormonier, probate judge, met and elected James Reilly supervisor to fill the vacancy caused by White's resignation. Reilly immediately duly qualified according to law, and he and McAllister entered the office of the board of supervisors, where Perkins, Nichols, and Hare were then assembled as a board of supervisors, with plaintiff as clerk. Reilly and McAllister demanded of Perkins to be recognized by him as members of the board. Perkins declining to do so, Reilly was chosen chairman of the board, and the board adjourned until the next day. On the 7th of July the board met, Reilly and McAllister being present, Perkins absent. The defendant was elected clerk of the board of supervisors, and he duly qualified and entered upon the discharge of the duties thereof. Defendant then instituted proceedings in the probate court against Hawke to gain possession of the books, papers, and records of the office of clerk of the board of supervisors, obtained judgment, and was put in possession thereof; and thereafter plaintiff, with the aid of the sheriff, Scott White, and other persons, took possession of the room or office of the clerk, and took the books, papers, and records of said office, and, at the time of filing of said answer and cross-complaint, plaintiff had possession thereof. Judgment was entered for defendant. From this judgment plaintiff appeals.

Heney & Ford, for Appellant.

This case having been tried on the cross-complaint of the defendant, the burden of proof is on him to establish by a preponderance of the evidence that he is the *de jure* clerk of the board of supervisors of Cochise County.

The title to an office can never be tried collaterally. Persons in the actual and unobstructed exercise of office must be held to be legal officers, except in proceedings where their official character is the issue to be tried as against themselves. Mechem on Public Officers, sec. 330; *Stockle* v. *Silsbee,* 41 Mich. 615, 2 N. W. 900; *Johns* v. *People,* 25 Mich. 499; *Plymouth* v. *Painter,* 17 Conn. 585, 44 Am. Dec. 574; *Cahill* v. *Insurance Co.,* 2 Doug. 24; *Druse* v. *Wheeler,* 22 Mich. 439; *Kaufman* v. *Stone,* 25 Ark. 336; *Eaton* v. *Harris,* 42 Ala. 491; *Cooper* v. *Moore,* 44 Miss. 386; *Gumberts* v. *Express Co.,* 28 Ind. 181; *State* v. *Lewis,* 22 La. Ann. 33.

A certificate of election is not conclusive evidence of title, and is not necessary to entitle to office. *Magee* v. *Board of Supervisors,* 19 Cal. 377.

No judicial declaration of a vacancy is absolutely necessary. The authority authorized to fill a vacancy, supposing the office to be vacant by reason of *prima fácie* acts or events, may proceed before procuring a judicial declaration of the vacancy, and appoint or elect, according to the forms of law, a person to fill such office. *Ellison* v. *Aldermen of Raleigh,* 89 N. C. 125; *Meredith* v. *Board of Supervisors,* 50 Cal. 433; *Cooke* v. *Halsey,* 16 Pet. 70.

James Reilly, and Allen R. English, for Appellee.

First. If J. P. McAllister was elected to the office of supervisor at the general election held November 7, 1892, received certificate thereof, took the oath of office, and gave bond approved and filed as required by law, and on the first judicial day of January, 1893, entered on said office, then he was a lawful supervisor of the county until he resigned in July, 1893, and the question of his eligibility to that office, on the ground that on the day of said election he held an incompatible office, could not be questioned by any one, or in any way, except in an action instituted for that purpose by some officer or person mentioned in and as provided by title LXII of

the Revised Statutes of Arizona, or in an action in which he put his title in issue. *Vogel* v. *State* 107 Ind. 374, 8 N. E. 164; *Smith* v. *Moore,* 90 Ind. 294. And the resolution of the board on the ninth day of January, 1893, declaring the office of said Supervisor McAllister vacant was absolutely void, and the pretended election of E. A. Nichols to fill said pretended vacancy was equally void. *Hawke* v. *McAllister, ante,* p. 150, 36 Pac. 170.

Second. When Scott White resigned his office as supervisor on January 13, 1893, the board empowered to fill the vacancy caused thereby consisted of the probate judge of the county and Supervisors Perkins and McAllister, and the pretended election of Frank Hare by Supervisor Perkins to fill that vacancy, without the concurrence of either said judge or said McAllister, was absolutely void, and did not prohibit any two of said board from electing a proper person, in a lawful way, to fill said vacancy. Rev. Stats. Ariz., par. 388; *Hawke* v. *McAllister, ante,* p. 150, 36 Pac. 170.

Third. If the probate judge of the county did not approve the bonds of said Nichols or Hare, or either of them, as supervisors, then they were not, nor was either of them, acting under color of office, and their acts as supervisors are absolutely void, except in cases where the public interest requires their acts to be sustained.

Fourth. When, after the resignation of Scott White, the probate judge of the county and Supervisor McAllister met in June, 1893, at the county courthouse, after due notice of the time, place, and object of said meeting had been served on Supervisor Perkins, to elect a supervisor to fill the vacancy caused by the resignation aforesaid, and elected James Reilly a supervisor, such election was valid, and when he took the oath and gave bond, approved and filed as required by law, he, said Reilly, was a lawful supervisor, and the board then consisted of Chairman Perkins and Supervisors McAllister and Reilly, and a majority of that board had full power to change their chairman and clerk at will, particularly so if the chairman and clerk refused and failed to do their duty. Rev. Stats. Ariz., par. 3049.

Fifth. The plaintiff, Nat E. Hawke, being clerk of the board, and refusing to enter on the minutes of the board the action of the majority of the board, thereby forfeited his

office, and the majority had ample power, and it was their duty, to appoint his successor, and when the majority appointed Antioch Wentworth, defendant, clerk of the board, and he qualified as required by law, he became the lawful officer, and when he got possession of the books and furniture of the office, on the tenth day of July, 1893, by judgment and execution of the probate court, he was the *de facto* and the *de jure* clerk of the board, and when the said Nat E. Hawke, on the eighth day of September, 1893, took forcible possession of the office, books, and furniture, he thereby committed a crime, and cannot have acquired any right thereby.

ROUSE, J. (after stating the facts).—1. The first question presented for our consideration is the action of the district court in proceeding to the trial of the case on the answer or cross-bill of defendant, after plaintiff had dismissed his complaint. This suit was based upon the provisions of title 62 of the Revised Statutes, a statute giving a specific right to try the title to an office. The matter in controversy was "the title to the office of clerk of the board of supervisors." At the time of filing the complaint, plaintiff was not in possession of the office. He sued to gain possession. He forced defendant into court on that issue. Defendant met the issue by claiming he was in possession by right, and that after being brought into court plaintiff had wrongfully re-entered and ousted him. The title to the office was the matter in dispute at the date the complaint was filed, and remained the matter in dispute at the date of the trial. Rev. Stats., title 62. The court did not err in refusing to dismiss the action on plaintiff's motion, and in proceeding with the trial to judgment on defendant's answer or cross-complaint. The cross-complaint contained facts constituting a cause of action against plaintiff for usurping the office of clerk of the board of supervisors, and could be properly treated by the court as an action on behalf of defendant against plaintiff for said office, and a trial thereon against plaintiff was proper; particularly inasmuch as it was averred therein that plaintiff, after instituting the suit to try the title thereto by leave of the court, had taken the matter in hand, and by his own illegal acts had taken possession of the office before the right thereto could be heard and determined on his complaint by the court.

2. The board of supervisors on January 3, 1893, consisted of Scott White, W. K. Perkins, and James P. McAllister, all elected by the people, the first at the general election in 1890, and the other two at the general election in 1892. On the said 3d of January, 1893, plaintiff was duly elected clerk of the board of supervisors. The clerk of the board of supervisors is elected by the board of supervisors. Rev. Stats., par. 390. The office of clerk of the board of supervisors is held at the will of the board. They can remove one and appoint one at pleasure. Id., par. 3049. Plaintiff, therefore, could only hold his office during the pleasure of the board of supervisors.

3. White and Perkins, as members of the board of supervisors, on January 9, 1893, declared a vacancy existed in the board of supervisors; that McAllister was not a member thereof; and they proceeded to elect E. A. Nichols to fill said vacancy. In other words, they declared that McAllister was not a supervisor, and filled the supposed vacancy by electing Nichols. White and Perkins possessed no authority to pass on the question of McAllister's title to or qualification for the office. Those questions can only be determined by the district court in proceedings instituted therein for that purpose. Rev. Stats., tit. 62. The acts of White and Perkins in the attempted removal of McAllister, and the election of Nichols, were void, and McAllister did not thereby lose the office of supervisor, and Nichols did not become a member of the board of supervisors. It follows from the above statement that Perkins and Nichols did not confer any right on Frank Hare in their proceedings in electing him to the office of supervisor to fill the vacancy caused by White's resignation. Perkins and McAllister, after White's resignation, were the only members of the board of supervisors. The vacancy caused by White's resignation could only be filled by an election by the remaining supervisors and the probate judge. Rev. Stats., par. 388. No such election was held to fill the vacancy until July 5, 1893. At that time McAllister and the probate judge, after having served notice on Perkins to attend for that purpose, elected James Reilly supervisor. Reilly qualified according to law, and then the board consisted of Perkins, McAllister, and Reilly. The board of supervisors, as thus composed, on July 7th, elected and appointed defendant clerk of the board of supervisors. This board had the power to

remove plaintiff, and to appoint defendant. Id., pars. 390, 3049. Defendant was the duly elected and appointed clerk of the board of supervisors from the seventh day of July, 1893, and as such entitled to the office, books, papers, and records of said office. It is not necessary that we should determine the effect of the acts of Perkins, Nichols, and Hare from the date of White's resignation. Those acts, aside from the title of defendant to the office of clerk of the board of supervisors, are not now in question, and may never come up for consideration. During that period McAllister was pressing his claim to the office of supervisor in the courts, and had been successful. He had applied for and secured a writ of *mandamus* to compel this plaintiff and associates to recognize him. The issue presented by him had terminated in his favor, but the remedy was withheld on the application for an appeal granted on plaintiff's application. Defendant, likewise, when entitled to the office of clerk of the board of supervisors, and the books, papers, and records thereof, resorted to the courts for relief. After the relief was granted, and he was placed in possession of the defendant's office, etc., plaintiff by force, and without any legal or authorized power, took possession of the defendant's office, books, papers, and records, and, when defeated, resorted to an appeal, pending which he remained in office to the end of defendant's term of office. Under the circumstances, we feel that it is proper that we should suggest that the judiciary, having jurisdiction of the matters, should have used the authority vested in it to prevent the continuance of the acts and conduct mentioned, to the end that the fair reputation of the people of a good county for law and order would not have been tarnished, and the credit of the county would not have been impaired, by the effect of the issuance of demands against the county by two separate boards of supervisors. We are satisfied that the parties whose acts are declared to be illegal were not actuated by any impure motives, other than a selfish personal and individual pride in each to not be outdone by an opponent.

Bethune, J., and Hawkins, J., concur.

Baker, C. J., took no part in this case.